Lawrence KEATING, Appellant,

v.

Idan GAVRILOVICI, and American Economy Insurance Co., Respondent.

No. 62741.

Missouri Court of Appeals, Eastern District, Division Four.

Sept. 21, 1993.

Kathleen L. Rauscher, St. Louis, for appellant.

William F. James, St. Louis, for respondent.

CARL R. GAERTNER, Presiding Judge.

Plaintiff appeals from a summary judgment order entered by the trial court in favor of defendant, American Economy Insurance Company, after the court ruled that defendant Idan Gavrilovici was not an underinsured motorist as defined in plaintiff's motor vehicle insurance policy. We reverse.

Plaintiff, a St. Louis City Police Officer, was injured while on duty January 30, 1990. His police car was struck by a vehicle driven by defendant who ran a red light. Plaintiff filed suit against defendant for negligence and against his own insurance company, American Economy, for medical payments and underinsured motorist payments. Defendant Gavrilovici had liability insurance with limits of $25,000 per person in any one accident and $50,000 total per accident. Plaintiff had a single policy on two vehicles with underinsured motorist coverage on each vehicle for $25,000 per person in any one accident and $50,000 total per accident. Plaintiff alleged damages totalling $170,000.

On January 17, 1992, the trial court granted summary judgment in American Economy's favor on plaintiff's underinsured motorist claim. The January 17, 1992, order did not become final for appeal until September 15, 1992, when plaintiff and defendant Gavrilovici settled their claim for $25,000.

Plaintiff's insurance policy, issued by American Economy, provides uninsured/underinsured motorist coverage to the named insured, his family members, and also to other persons occupying the insured automobile. The policy contains the following definition for an underinsured motor vehicle:

"Underinsured motor vehicle means a land motor vehicle or trailer of any type to which a bodily injury, liability bond, or policy applies at the time of the accident but its limit for bodily injury liability is less than the limit of liability for this coverage."

American Economy argues that because Gavrilovici had liability with limits of $25,000 per person and $50,000 per accident, and because the declarations in its policy show identical limits for uninsured motorist coverage, Gavrilovici does not come within the policy definition of an underinsured motorist.

The declarations of American Economy's insurance policy reflect the following pertinent coverage and limit of liability:

UNINSURED MOTORIST

$25,000/per person/$50,000 per accident

Other pertinent provisions of the policy are as follows:

C. UNINSURED MOTORISTS COVERAGE

Part C., **Uninsured Motorist Coverage** is replaced in its entirety by the following:

We will pay damages which a **covered person** is legally entitled to recover from the owner or operator of an **uninsured/underinsured motor vehicle** because of bodily injury sustained by a **covered person** and caused by an accident.

\* \* \* \* \* \*

LIMIT OF LIABILITY

The Limit of Liability provision is replaced by the following:

If the limit of liability in the Declarations is shown separately for "each person" and "each accident":

The limit of liability for "each person" for **Uninsured/Underinsured Motorists Coverage** is our maximum limit of liability for all damages for bodily injury sustained by any one person in any one auto accident. Subject to this limit for "each person", the limit of liability for "each accident" for **Uninsured/Underinsured Motorists Coverage** is our maximum limit of liability for all damages for bodily injury resulting from any one auto accident. This is the most we will pay regardless of the number of **covered persons,** claims made, or vehicles involved in the auto accident.

If the limit of liability in the Declarations is not shown separately for "each person" and "each accident":

the limit of liability for this coverage is our maximum limit of liability for all damages resulting from any one accident. This is the most we will pay regardless of the number of **covered persons,** claims made or vehicles involved in the accident.

Under either paragraph above the following provisions also apply:

If **bodily injury** is sustained in an accident by you or any **family member,** our maximum limit of liability of all damages in any such accident is the sum of the limits of liability of Uninsured Motorists Coverage shown in the Declarations applicable to each vehicle. Subject to this maximum limit of liability for all damages:

1. The most we will pay for bodily injury sustained in such accident by a **cov-** **ered person** other than you or any **family member** is that **covered person's** prorata share of the limit shown in the Declarations applicable to the vehicle that **covered person** was occupying at the time of the accident;

2. You or any **family member** who sustains bodily injury in such accident will also be entitled to a pro-rata share of the limit described in paragraph 1. above.

A person's pro-rata share shall be the proportion that that person's damages bears to the total damages sustained by all **covered persons.**

If bodily injury is sustained by a **covered person** other than you or any **family member** in an accident in which neither you nor any **family member** sustained bodily injury, the limit of liability shown in the Declarations for this coverage is our maximum limit of liability for all damages resulting from any such accident.

Any amounts otherwise payable for damages under this coverage shall be reduced by:

1. all sums paid because of the bodily injury by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under the **Liability Coverage** of this policy.

■ Plaintiff contends the policy language should be interpreted as providing for stacking of the $25,000 policy limits applicable to each vehicle. Therefore, Gavrilovici's $25,000 coverage is less than the $50,000 stacked limit of uninsured/underinsured motorist coverage provided by the American Economy policy. American Economy argues that both the insurance policy language and public policy permits stacking of uninsured motorist coverage but not underinsured motorist coverage. Therefore, it argues, the $25,000 limit of Gavrilovici's policy is not less than the underinsured motorist coverage provided to plaintiff by its policy. The crux of American Economy's argument focuses upon the policy distinction between "covered persons" and "you and any family member". It is argued that the paragraph providing for the limit to

be "the sum of the limits of liability for Uninsured Motorist Coverage as shown in the Declarations applicable to each vehicle" applies only to uninsured, not underinsured motorist coverage. This paragraph, it is said, is intended to bring the policy into conformity with the public policy of this State which permits stacking of uninsured motorist coverage on behalf of the named insured and his family members as expressed in such cases as *Hines v. Government Employees Ins. Co.*, 656 S.W.2d 262 (Mo. banc 1983).

The fallacy in this argument lies in the format of the policy. The language relied upon by American Economy is found in a sub-paragraph immediately after a clause which makes the language in question applicable to two preceding paragraphs which refer to "uninsured/underinsured motorist coverage" as having identical limits of liability. Thus, the policy can be read as applying the "family member" limit of liability to both coverages. Moreover, by referring to "uninsured motorist coverage shown in the Declaration," the policy language does not exclude underinsured motorist coverage which is included within the uninsured motorist coverage. Both coverages are provided for by the payment of one premium per vehicle identified in the Declaration as "uninsured motorist coverage". Because the policy furnishes the named insured and family members a limit of liability equal to the sum of the limits applicable to each vehicle covered, the limit of liability for the damages sustained by the plaintiff is $50,000. Therefore, Gavrilovici is an underinsured motorist within the policy definition, and the trial court erred in ordering summary judgment in favor of American Economy.

The parties also disagree about the effect of the policy language providing for a reduction of any amount payable for damages under the uninsured/underinsured coverage by all sums paid by or on behalf of the legally responsible tort-feasor. Plaintiff relies upon *Krombach v. Mayflower Ins. Co., Ltd.*, 827 S.W.2d 208 (Mo. banc 1992), in which the court found ambiguity in a set-off provision of an insurance policy. It could not be determined from the Mayflower policy whether the set-off provision applied to the

insured's total damages or to the limited damages under the uninsured/underinsured motorist Coverage. No such ambiguity exists here. The American Economy policy clearly states the reduction applies to "amounts otherwise payable for damages *under this coverage.*" Accordingly, because plaintiff has been paid $25,000 by Gavrilovici's insurer, there remains $25,000 of the stacked underinsured motorist coverage available to plaintiff if it is determined that his total damages exceed $25,000.

The judgment of the trial court is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

CRANE and CRAHAN, JJ., concur.